UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION

Case No.:

DOUGLAS A. WINDOWS,

       Plaintiff,

v.

THE PEP BOYS – MANNY,
MOE & JACK CORP.
a Foreign Corporation,
and CHRISTOPHER TERMINI,

       Defendants.


      Serve:  The Prentice-Hall Corporation System, Inc.
              Registered Agent for The Pep Boys – Manny, Moe & Jack Corp.
              421 W Main Street
              Frankfort, KY 40601

              Christopher Termini
              C/O The Pep Boys – Manny, Moe & Jack Corporation
              932 Heights Boulevard
              Florence, KY 40042

_____/

## COMPLAINT

Plaintiff, DOUGLAS A. WINDOWS ("WINDOWS" or "Plaintiff"), by and through his undersigned attorneys, files this, his Complaint against Defendants THE PEP BOYS – MANNY MOE & JACK CORP. ("THE PEP BOYS") and CHRISTOPHER TERMINI ("TERMINI").

## INTRODUCTION

1.     Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter ("the Act" or "FLSA"), to recover unpaid back wages (overtime compensation); and an additional amount as liquidated damages, reasonable attorneys' fees and costs;

and Plaintiff is seeking all allowable damages for loss of wages, non-payment of overtime.

## JURISDICTION

2.      Jurisdiction of this action is conferred upon the court by §216(b) of the Act (29 U.S.C. §216 (b)).

3.      Plaintiff is a resident of Boone County, within the Eastern District of Kentucky. Defendants' store location is in Boone County, within the Eastern District of Kentucky.

## PARTIES

4.      At all times material, Plaintiff was and continues to be an individual who resides in Boone County, Kentucky.

5.      At all times material, Plaintiff was an hourly paid Master Auto Technician for Defendants.

6.      At all times material, Plaintiff worked for Defendants at 932 Heights Blvd., Florence, KY, 41042 in Boone County, Kentucky.

7.      THE PEP BOYS is a foreign corporation authorized to do business within the Commonwealth of Kentucky.  THE PEP BOYS principal office is located at 3111 West Allegheny Ave., Philadelphia, PA 19132.

8.      At all times material, TERMINI is/was the Manager of the service department where Plaintiff worked.

9.      Defendant, THE PEP BOYS, is a foreign corporation that paid Plaintiff monies for the hourly work performed but did not pay Plaintiff for the overtime hours he worked and is/was entitled to. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiff for the relevant time period.

10.     Defendant, TERMINI, is/was a corporate officer or owner or manager of the

Defendant Corporation who ran the day-to-day operations for the Corporate Defendant for the relevant time period and is/was responsible for paying Plaintiff's wages for the relevant time period.

11.     THE PEP BOYS did and continues to do substantial business and engage in commerce or the production of goods for commerce within the meaning of the Act.

12.     At all times material, part of Defendants' wrongful acts and/or omissions occurred in Boone County, Kentucky.

13.     Plaintiff WINDOWS has retained the Law Offices of Andrew S. Alitowski, to represent his interest in this litigation and has agreed to pay the firm a reasonable fee for its services.

<u>COUNT I</u>
<u>FAILURE TO PAY OVERTIME</u>

14.     Plaintiff realleges paragraphs 1 through 13 as if fully set forth herein.

15.     During the period from 2/25/07 – 5/28/10, Defendants willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which he was employed.  Defendants' failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

16.     At all material times relevant to this action, Defendant, THE PEP BOYS, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

17.     As a result of the underpayment of wages alleged in this Complaint, Plaintiff has been damaged in amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages (overtime).  WINDOWS throughout his employment was a non-exempt worker (per the ACT) and thus entitled to overtime.

18.     Defendants willfully violated the Act and Defendants must pay Plaintiff overtime at a

rate equal to one and one-half times an employee's regular hourly rate for all hours over 40 hours worked in a work week.

19.    Plaintiff is seeking 3 years worth of violations by Defendants if Defendants acts are found to be willful.

20.    At all times relevant to this action, Defendants failed to comply with 29 U.S.C. § 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, for all hours worked in excess of forty (40) within a work week. Specifically, despite numerous inquiries by Plaintiff to Defendant TERMINI that he worked more than 40 hours per work week, Defendants knowingly never paid Plaintiff the overtime requested or required by law.  Further, despite the fact that there was a major class action lawsuit that had been filed in 2002 in Tennessee which was decided against THE PEP BOYS in September of 2006 and upheld in May of 2008 by the US Court of Appeals Sixth Circuit, Defendants knowingly never paid Plaintiff the overtime requested or required by law.

21.    When Plaintiff complained regarding same, TERMINI did not comply.  Plaintiff did not receive overtime payment.

22.    The records, if any, concerning the number of hours actually worked by the Plaintiff and compensation actually paid to Plaintiff are in the possession and custody of the Defendants.

23.    Payroll documents prepared by the Defendants, often times, inaccurately reflect 40 hours per week, although the average hours per week worked by Plaintiff exceeded 40 hours per week.

24.    Upon information and belief, other employees and former employees of the Defendants are similarly situated.

WHEREFORE, Plaintiff demands judgment against Defendants for back wages, an additional

amount as compensatory, double or liquidated damages, reasonable attorneys fees and costs,

declaratory relief, emotional distress and humiliation and pain and suffering, punitive damages, and all

other damages recoverable by law 29 U.S.C. § 216(B), and all other relief that will effectuate the

purpose of the Act, and that this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: November 3, 2010.

RESPECTFULLY SUBMITTED,

BY:   /s/ Kendra Rimbert
       KENDRA L. RIMBERT
       Law Offices of Andrew S. Alitowski
       Attorneys for the Plaintiff
       332 W. Broadway, Suite 613
       Louisville, KY 40202
       kendra@andrewkylaw.com
       Telephone:  (502) 582-9100
       Facsimile:   (502) 582-2864